**United States District Court**
**District of Massachusetts**

```
                              )
Justin Willis,                )
                              )
          Plaintiff,          )
                              )    Civil Action No.
          v.                  )    23-CV-10830-NMG
                              )
Vericel Corp.,                )
                              )
          Defendant.          )
                              )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Justin Willis ("plaintiff" or "Willis") seeks to hold
Vericel Corporation ("defendant" or "Vericel") liable for
tortious interference with an existing contract and requests
declaratory judgment under the Texas Declaratory Judgment Act,
Tex. Civ. Prac. & Rem. Code § 37.003 ("the TDJA").

Before this action was transferred from the United States
District Court for the Western District of Texas, Vericel filed
a motion to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3) and
12(b)(6) (Docket No. 4).  That district court denied defendant's
motion to dismiss under Rules 12(b)(2) and 12(b)(3) but granted
its motion to transfer to this Court (Docket No. 19).  Because
the Texas court declined to reach the merits of defendant's Rule
12(b)(6) motion, that motion remains pending.

-1-

In its Rule 12(b)(6) motion, defendant first argues that plaintiff's claim for tortious interference with a contract fails because any alleged interference did not induce a breach of contract which is required under Texas law.  This Court agrees and will dismiss plaintiff's tortious interference claim accordingly.  Because the TDJA does not create any substantive right or cause of action on its own, plaintiff's request for relief under that statute will also be dismissed for the reasons that follow.

I.   **Background**

According to his complaint, Willis was an employee of Vericel and entered an agreement with the employer that contained confidentiality, noncompetition and non-solicitation provisions on January 9, 2018.  Willis later voluntarily resigned from Vericel and signed an employment agreement with Bioventus LLC ("Bioventus") that became effective on September 6, 2022.

Willis's employment with Vericel technically ended on September 12, 2022 because he took his final week of employment as paid time off.  On that day, Vericel's counsel at Goodwin Procter, LLP ("Goodwin") sent Willis a cease-and-desist letter that accused him of misappropriating confidential and proprietary information and deleting information in Vericel's

-2-

system without authorization.  The letter explained further that
by becoming an employee of a competitor of Vericel within 12
months of the termination of his employment, Willis had violated
the noncompetition provision of his employment agreement with
Vericel.  Goodwin copied multiple Bioventus employees on the
cease-and-desist letter and immediately thereafter Willis was
terminated by Bioventus.

Willis filed this action in the district court of Bexar
County, Texas in November, 2022, alleging that Vericel
tortiously interfered with his employment contract with
Bioventus by copying its employees on the cease-and-desist
letter.  He maintains that he did not violate the noncompetition
provision of his agreement with Vericel because his new position
was in a different state, in a leadership role, and did not
require any interaction with his customers at Vericel.  Willis
also notes that when he had a final conference with his manager
at Vericel, his manager expressed gratitude for his work and
informed him that his role at Bioventus would not violate the
noncompetition agreement.  Willis also seeks a declaratory
judgment under the TDJA "to determine the rights and obligations
on the part of the [p]laintiff."

Vericel removed this action to the United States District
Court for the Western District of Texas in January, 2023, and

shortly thereafter filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6), or, in the alternative, to transfer the case to this Court.  On April 14, 2023, the federal court in Texas denied defendant's motion to dismiss as to Rules 12(b)(2) and 12(b)(3) but granted its motion to transfer and did not reach the merits of defendant's Rule 12(b)(6) motion (Docket No. 19).  The case was subsequently transferred to the District of Massachusetts and assigned to this session.

Prior to the transfer of this case, plaintiff filed an amended complaint which defendant moved to strike as untimely. This Court subsequently allowed that motion.

## II.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient facts to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

-4-

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Id. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

## III. Application

### A. Tortious Interference with a Contract

Under Texas law, there are four elements of tortious interference with an existing contract: (1) an existing contract subject to interference, (2) willful and intentional interference with that contract, (3) that proximately caused damage and (4) caused actual damage or loss. Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998).

During a status conference in November, 2023, defendant's counsel suggested that the law of Massachusetts, not Texas, should apply in this case. Defendant is mistaken. The Texas District Judge found that venue was proper but transferred the case under 28 U.S.C. § 1404. In a diversity case, when a defendant requests transfer, "the transferee district court [is] obligated to apply the state law that would have been applied if there had been no change of venue." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). This Court is obliged to apply Texas law.

-5-

Defendant argues, in essence, that plaintiff's claim for
tortious interference with an existing contract fails because he
must show the interference induced a <u>breach</u> of that contract.
Because Willis was an at-will employee of Bioventus, it did not
breach its employment contract with Willis when it terminated
his employment.  Accordingly, Willis's claim is purportedly
unavailing.

As defendant correctly points out, the Supreme Court of
Texas recently explained that a contracting party can prevail on
a claim for tortious interference with an existing contract only
if it proves that the third party "induced [the other
contracting party] to breach the contract." <u>El Paso Healthcare
Sys., Ltd.</u> v. <u>Murphy</u>, 518 S.W.3d 412, 421-422 (Tex. 2017)
(citation and internal quotation marks omitted).  In <u>Murphy</u>, a
nurse anesthetist alleged that a medical center interfered with
her employment contract with a healthcare employer. <u>Id.</u> at 415-
16.  The Texas Court held that her claim must fail because it
required a breach of contract and "an obligation to provide
employment was not a term of [the nurse's] existing contract
with [the healthcare employer]." <u>Id.</u> at 422.

In rebuttal, Willis cites another Texas decision and avers
that

> [u]ntil terminated, [an at-will employment] contract
> is valid and subsisting, and third persons are not
> free to tortiously interfere with it.

Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689 (Tex. 1989).

As a federal court in Texas recently explained, it is true that

> [s]ome early Texas cases suggest it is possible to
> tortiously interfere with contracts even if they could
> be ended at-will without breach.

GoLabs, Inc. v. Hangzhou Chic Intelligent Tech. Co., 2020 WL
1325209, at *2 (N.D. Tex. Mar. 20, 2020) (citing Sterner, 767
S.W.2d at 689).   In Murphy, however, the Supreme Court of Texas
"clarified [] that tortious interference with contract requires
a breach of contract" and distinguished Sterner because it
involved claims for interference with prospective business
relations. Id. (citing Murphy, 518 S.W.3d at 421 & n.6).

The same issue that impaired the plaintiff's claim in
Murphy impairs Willis's complaint.   Because Willis was an at-
will employee of Bioventus, his employment contract did not
oblige Bioventus to continue his employment for any amount of
time.   Bioventus's decision to terminate Willis did not result
in a breach.

In his opposition, Willis reframes his claim and argues
that Vericel interfered with his Bioventus contract by falsely

claiming that he breached the confidentiality and noncompetition provisions of his contract with Vericel.  That misunderstanding of the tort at issue is also unhelpful.  To pursue his claim, Willis needed to establish there was a breach of his contract with Bioventus.  Even if Willis alleged that Vericel improperly breached its employment contract with Willis that would have no bearing on whether it tortiously interfered with his contract with Bioventus.

In summary, plaintiff's tortious interference claim will be dismissed because he has failed to allege sufficiently that defendant induced a breach of his contract with Bioventus. Murphy, 518 S.W.3d at 421-22.  Because that failure is dispositive, this Court declines to consider defendant's other tortious interference arguments.

**B. Declaratory Judgment under the TDJA**

The TDJA does not form an independent cause of action. See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996) (explaining the TDJA "is merely a procedural device [and] does not create any substantive rights or causes of action").  Because plaintiff's tortious interference claim will be dismissed, his TDJA claim will be dismissed as well.

-8-

## ORDER

For the reasons set forth above, defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket No. 4) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  November 17, 2023