**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| **Justin Willis,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **23-CV-10830-NMG** |
| | ) | |
| **Vericel Corp.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before this Court is a motion of plaintiff Justin Willis for leave to replead (Docket No. 43) filed in response to the allowance by this Court in November, 2023, of defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) resulting in the termination of this case.

Plaintiff filed his motion for leave to amend and refile his complaint in December, 2023, and he noted that courts usually permit a plaintiff to replead in such circumstances.

Plaintiff is correct that, in general, leave to amend a complaint is permitted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  That standard applies, however, only to pre-judgment motions to amend. See, e.g., U.S. ex rel. Ge v. Takeda

-1-

<u>Pharm. Co. Ltd.</u>, 737 F.3d 116, 127-29 (1st Cir. 2013).  With

respect to a post-judgment motion to amend,

> a district court cannot allow an amended pleading
> where a final judgment has been rendered unless that
> judgment is first set aside or vacated pursuant to
> Fed. R. Civ. P. 59 or 60.

<u>Maldonado</u> v. <u>Dominguez</u>, 137 F.3d 1, 11 (1st Cir. 1998).

Plaintiff moves to amend post-judgment but has failed to move to

set aside or vacate the earlier judgment.  His motion to replead

is procedurally defective.

In his reply brief, perhaps in recognition of his short-

coming, plaintiff asks the Court to construe his filing as a

motion to amend or alter judgment pursuant to Fed. R. Civ. P.

59(e).

> The granting of a motion for reconsideration is an
> extraordinary remedy which should be used sparingly. .
> . . The moving party must either clearly establish a
> manifest error of law or must present newly discovered
> evidence.

<u>Takeda Pharm. Co. Ltd.</u>, 737 F.3d at 127 (cleaned up).

Plaintiff contends that he initially filed this lawsuit in

Texas because he believed it to be the proper jurisdiction for

his claim.  He insists that he should now be given an

opportunity to amend his pleading under Massachusetts law

because the case has been transferred to this jurisdiction.

Even if the Court agreed to construe plaintiff's motion liberally, it would be unavailing.  Plaintiff's failure to prosecute his case in a procedurally correct manner does not amount to a manifest error of law.  Upon transfer, he could have voluntarily dismissed his case, amended his complaint in a timely fashion or sought leave of Court to replead before the Court ruled on the motion to dismiss.  He did not do so but, instead, after dismissal now asks permission to start over again which is unwarranted.

**ORDER**

For the reasons set forth above, plaintiff's motion for leave to replead (Docket No. 43) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  April 8, 2024